21-20093 POC Project Solutions v. Alliance Process Partners Mr. Thomas. Good morning, Your Honor. Will Thomas for POC Project Solutions. May it please the Court. Federal courts have a virtually unflagging obligation to exercise their jurisdiction, including diversity jurisdiction. The Brill-Hart abstention doctrine is a narrow exception to that broad and sweeping mandate. Generally, Brill-Hart is limited to instances in which a party to the state court action files a declaratory judgment action in federal court over the same issues raised in the state court. But Brill-Hart does not deprive a different party of its election to a federal forum to adjudicate its distinct claims. But here, the district court erred and did just that. Specifically, the district court erroneously concluded that under the first Trejo factor, that a pending state court lawsuit would, quote, resolve KPS's entitlement to declaratory relief, when it would not. Second, and also under the first Trejo factor, the district court erroneously concluded that Paul Switzer, a KPS corporate officer who was sued in his individual capacity, to be a suitable proxy for KPS's own claims, which is not an applicable standard under Trejo, and furthermore, inaccurate. And three, the district court erred in applying those two erroneous findings to the remainder of the Trejo factors, which the district court did not separately analyze. As background, the state court lawsuit begins with Paul Switzer, an IAG Triton consultant that left IAG Triton to work for Code Project Solutions. Following his departure, IAG Triton owed Mr. Switzer over $400,000 in benefits. IAG Triton, as a defense, counterclaimed that Mr. Switzer breached his consulting and separation agreements, including things like the failure to return confidential information and not doing enough to develop co-business while at IAG Triton. Triton also sued Mr. Switzer for tortious interference with other former Triton employees' employment agreements. And Triton also sued KPS, or excuse me, sued co-business leader Dave Dodson and two KPS parent companies, but not KPS. The district, or excuse me, the state trial court lacked personal jurisdiction over the other business leader as well as the parent companies. So why are we here in federal court? Well, it's because Triton made the strategic decision to make factual allegations about KPS, but not to actually assert claims to bring those allegations at issue. And specifically, Triton referenced KPS 23 times in their factual allegations, including saying things that KPS is essentially a sham enterprise designed to impermissibly compete with Triton. But again, oddly, Triton made the strategic decision not to plead a claim against KPS to resolve those allegations. And this was not an oversight. When asked to add KPS as a party, IAG and Triton expressly declined. And it's that, their strategic election to make allegations about KPS, but not to put those allegations at issue through any claim and left KPS at a crossroads. Do nothing and let the allegation stand or assert its own claims through a declaratory judgment action to air those erroneous, to clear the air about those erroneous allegations. Mr. Thomas, are you going to address appellate jurisdiction at some point? Yes. Yes, your honor. I can. Okay. So my specific question about that, and you can of course say whatever you want about the issue, but as I understand it, your, your, the argument is, is that this is a stay motion. This is a stay by the district court. Normally that's not a final decision under 1291, but it can be if it puts you quote effectively out of court. So if that's the argument for why we have appellate jurisdiction, why does the stay put you effectively out of court when it will be lifted at some point and the district court litigation will resume? I assume it will, your honor, but, but it does put us out of court, out of federal court to be able to resolve any of these issues. And it effectively concedes the adjudication of those issues to the state court. And then there's essentially no way to then bring the court's air back in front of this court. Cause by the time the state court concludes, it puts us back to where we are here. We are in federal court. Does that mean that you're saying is the state court litigation race judicata as to all the issues in the federal litigation? Well, no, your honor. And we don't believe it is race judicata, nor I didn't think you did. So when the state court litigation concludes and you can tell me in a second, what the status of it is, you, we will come back here. You will go back to federal court. And by your argument, there will be outstanding issues to resolve, right? If it's not, that is correct, your honor. It is not race judicata, but it effectively does put us out of federal court. And there's been no way for this court to be able to review the court's error as it relates to the stay. And this is similar. What's your best case from our court or the is not race judicata as to the federal issues, the stay order effectively puts you out of court. What's your, what are your best authorities for that? Granite state insurance, your honor, where this court said where a stay order effectively dismisses a federal suit, as in this case, it is treated as final under Granite state, but in Granite state, it said it was race judicata, didn't it? The state litigation. Well, I think, well, uh, that, that's what the court's finding was, uh, that, that it would say, well, effectively this is race judicata, but that's why this court, because that's what the court's, the trial court's, um, uh, decision was, uh, that it would have to, it would have to be, uh, it would have to be appealed, um, and to give the chance to the court, the chance to basically hear this issue, because otherwise it's not going to be able to hear this issue. And in the court there, your honor also said, and alternatively, such an order is appealable, even if non-final under the collateral. Are you making this? So I guess that's a, I'm glad you pointed that out is, are you making in your brief, a collateral order argument in the alternative for appellate jurisdiction? Very, very much. So your honor, very much so. All right. Okay. Uh, and also, and on that same note, again, American guarantee, we think is another case where the court actually looked at it and said, if this is Colorado river, or if it's real hard, it doesn't really matter. Um, because, um, uh, it's going to be unreviewable. And there again, the court reversed, reversed the stay. So, so we do believe that this court's, uh, appellate jurisdiction, uh, is, uh, uh, is, is, is, does it matter? Do our cases say it matters the amount of time that the state court litigation is going to take? I see references to time, the amount of time, uh, and it wasn't clear to me whether it would be enough to say, well, the state court litigation is going to take X number of months or years. So therefore we have appellate jurisdiction seems like a strange rule, but our cases do say that. Well, and your honor, I think that's the case here where for the entire last year, the state court case has not affirmatively been pushed forward. So, you know, the, with, with, with this court, with this court issues in order, we're going back to the federal court and materially, nothing has changed for an entire year also because the state court didn't really progress much further than the actual sort of, uh, pleadings and personal jurisdiction argument. Uh, there's not been much of anything that's even been done in the state court. So essentially we're back at square one. If this, if this court, uh, if this court reverses. Okay. Oh, I'm sorry. Are you finished? Would, um, is this your position that if a decision is rendered that KPS violated the non-compete provisions, would that necessarily decide whether Switzer violated the same non-compete provisions? Uh, no, your honor, we, we, we've said that specifically Mr. Switzer has to stand individually in the state court and be able to answer for his, uh, individual actions. What we've done in the federal case is, is look at where there are these holes in the state court case. And, and, and one of them, for example, like the declaration that we're seeking under count two, is that these individuals can be permissibly employed by KPS, which is a factual allegation that was raised in Triton's third party amended petition, specifically paragraph 48. They said these individuals cannot be employed. That's not at issue in the state court proceeding. There's not a claim against Switzer individually that says you cannot employ these individuals. The claim against Switzer is far narrower than that. And it has to do with whether or not those individuals can, um, whether those individuals can essentially solicit work, um, from former IAG Triton, um, customers. So the claim that we're seeking, your honor, it is distinctly different than what's actually being adjudicated in the state court. And because of those, uh, those allegations about KPS, that's the reason we needed to assert the, to assert, um, that declaratory judgment action. And count two is an example of, of where a matter is not going to be ultimately decided in the state court, but it can be decided in the federal court. And, and your honor, as it relates to that, there's a number of other issues that are not going to actually be presented in the state court that are actually at issue in the federal court. Uh, another one being is whether or not these individuals can perform their job duties and their functions for KPS. That's something that's at issue under count one, that's not at issue in the state court litigation. Similarly, whether Paul Switzer individual, whether Paul Switzer can go out and recruit these, uh, these, uh, potential customers, uh, try to get bids for these projects, whether he, oh, I'm sorry. Oh, uh, whether he can actually go and, and engage in that solicitation. Uh, that's not an issue in the state court case. They did not bring that claim in the state court case. So that's another issue that's not going to be resolved, uh, in the state court litigation, it was contending that they cannot perform their duties for KPC. Well, well, your honor, that's, that, that that's IAG tried and has contended that in their factual allegations. Um, for example, um, in paragraph 29, uh, they discuss, they say the plan was simple, convince current IAG employees to leave IAG and in breach of their non-competing confidentiality obligations, go to work for the Koch defendants as part of a newly created entity known as Koch project solutions that would use IAG personnel and know how to compete directly with IAG. These individuals, but you said that's not going to be decided in the state court litigation. That's correct. Your honor, because the only remaining claim against Paul Switzer, and it's only against him in his individual capacity is paragraph 84. And that's quite narrow. And paragraph 84, your honor says, um, uh, as to Switzer that he tortiously interfered and that's specific specifically by inducing the former Trident employees to solicit and accept business for KPS of a similar nature to that provided by Trident and Trident customers. That has to do with the recruitment. And the key in all of this is that these individuals, they're also staffed on these projects. They actually manage and help build these projects. And, and by doing that, that is by definition competing with, with, uh, with IAG and Trident. So the declaration we're seeking your honor has to do with these, these, these stray allegations against KPS in the state court proceeding that are ultimately not going to be tested through a cause of action, nor really can they because they've elected to sue Paul Switzer individually, uh, which, which gets us back to, you know, the, the issue of under Trejo one, which is factor one, which is, can all the issues be decided in the state court? How long does non-compete apply? So why aren't we coming up on the end of that anyway? We are, your honor. Absolutely. I'm just, I'm just having a hard time seeing what's really an issue here. Right. Well, well, your honor, the, the issue is these allegations are still out there. The issues are these individuals, this is a new company that's trying to compete and, and it needs to be able to actually have a declaration that says, no, it it's permissible. And this is lawful. Um, IAG, Trident, of course, there's nothing in the record because they've not done it. They've not pulled down these allegations, but your honor, I think you raised another question, which is, that's not necessarily even about the stay as much as it then becomes about us being able to show a case in controversy, which, which goes to another factor of the declaratory judgment act, which is, which is, you know, beyond, I think the issue that's being sort of appealed here. The issue I get that, but to follow up on what the chief judge just said, when, when does the two years on the non-compete agreements expire, is that, does it make sense to ask that they have, they have your honor. So what would the declaratory judgment then accomplish for it, for your clients? Well, the declaratory judgment, your honor, it would accomplish, I think a number of things. One, that the way that they staff these projects, the current projects today, and the way that they want to go about, you know, potentially staffing these projects, it's not going to be tortuously interfering. And I understand your concern about, well, right, but these agreements have run, but they've not pulled down their allegations. And as long as those allegations are, are out there against KPS, that it is formed. And again, I don't know all their theories about how they may contend that these two, the two year period, your clients are still under some kind of legal jeopardy because, because of the, the, the, the allegations, I guess, would lead your client to believe you're going to get sued, even though the non-competes have run. That's correct, your honor, that's absolutely correct, your honor. And your honor, are you seeking a money judgment or just declaratory relief? Just declaratory relief, your honor, just declaratory relief. And also under factor one, again, we believe this court erred by treating Paul Switzer essentially as a proxy for KPS. This is not, there was no evidence submitted to that. Triton didn't advance that theory. Triton then did not put forward authority, including from this court as to that issue that the court could say, well, all of this can be tried through, through Switzer in his individual capacity. So, so therefore factor one is, is, is satisfied. I see my time is about up. I'll save the remainder for, for rebuttal. Thank you. Mr. Tisdall. May it please the court. My name is Adam Tisdall. I represent appellees, Triton Corporation and IAG. At issue today is whether Judge Lake abused his discretion when he concluded in a thorough and reasoned opinion that under Brilhart, he should stay KPS's declaratory judgment action. He did not abuse his discretion because when a pending state case is as overwhelmingly similar as the declaratory judgment action is here, a district court should exercise its discretion and let the state court handle state law matters. And before I get into why those factors counseled in favor of stay, I'd like to address Judge Duncan's question about jurisdiction. And first, I don't think that this court has jurisdiction under the collateral order doctrine because the first factor of that, there is an indication that Judge Lake intends to revisit this, revisit this. The parties have to submit status updates to the district court every 60 days. The district court's monitoring what's going on and is free to take any action. That's different than Grant State where there was no indication that the court intended to revisit. I think this court does have jurisdiction because this is a final order under 1291. And it's a final order because it does effectively concede the resolution of these issues to the state court. I think what I heard opposing counsel say that it concedes adjudication to the state court. And because it does that, that means that the issues in the state case are also present in the federal case. Otherwise, this couldn't be a final order. I think the pleadings are the easiest place to see this. I have a question about that because in the arbitration context, when a district court stays a case and allows arbitration to proceed, I'm pretty sure the case law says that's not a final judgment. Isn't that correct? That is correct, Your Honor. But I believe that there's separate case law. I hear you. I'm just, it just seems odd to me that one line of cases says in the arbitration context and another line of cases says differently apparently in this context. Can you shed some light on that for us? I mean, I think one consideration, Your Honor, sort of one of the broad considerations we're talking about here, which is federalism. And that because we have this dual setup, federal courts should defer to state courts when state courts are adjudicating state law issues. And that's what we have here. Because Triton has alleged that Paul Switzer not just torturously interfered, as opposing counsel said, but also that there's a conspiracy that he conspired with other Koch entities and Mr. Dotson to interfere with the non-compete and the non-solicitation provisions. And in the federal case, KPS sought two declarations of non-interference with those exact same contracts. And if you look at the accounts that they've actually pled, they might have titled it as relating to employment, but the actual accounts themselves relate to the non-compete provision and the non-solicitation of former Triton employees provision. And those are the exact same two provisions that are at issue in the state case. Mr. Tisdall, I thought counsel opposite Mr. Thomas said that the state case would not be race judicata as to the federal declaratory judgment action. I think he said that. If I'm getting that wrong, I apologize. What's your view on that issue? The state litigation that's ongoing, is that going to be race judicata as to all issues that are raised in the federal declaratory judgment action? Well, your honor, I think that it could be, because it could be against Triton, for example, if it loses some of these claims. If, for example, the district court, or excuse me, the state court concludes that there was no breach. But really the issue that we're supposed to be looking at here is whether all the matters in controversy may be litigated in the state case. So this isn't really an issue of race judicata. We just thought there were some parties in the state case that have been kicked out and dismissed, lack of personal jurisdiction, I think it was, such that there's not an identity of parties between the state and federal litigation. Am I wrong about that? No, you're not, your honor. And I have a couple of points on that. So first, that state appeal is set for oral argument two weeks after this one, actually. And so regardless of what this court decides, the state court's going to pick up at almost the same time as this court issues its opinion. And so the issue then, excuse me. So there's going to be an appeal in the state court as to what issue? Yes, your honor. So the state court appeal concerns whether there's personal jurisdiction over the other two Koch entities and Mr. Dotson, the executive. And that issue is before the appellate court and is going to be argued here in the next couple of weeks. As soon as that court issues its opinion, Mr. Switzer and Triton have agreed that they will resume their litigation. And so the state court litigation is going to proceed. And I would point out, it's going to proceed regardless of whether their jurisdiction is proper over those Koch entities or not. And so Mr. Switzer is still going to be in the state case, and he's still going to be litigating the same issues that are in controversy here, whether there was tortious interference, whether there was breach, and whether that was induced or not. The state court appeal will determine whether there are additional parties in the state litigation. The KPS entities, I'm probably getting that wrong, but just additional parties. Correct, your honor. Not KPS, but other Koch entities. Other Koch, yeah, right. Yes, your honor. Why wasn't he added as a party to the state litigation? Because, your honor, Triton chose to sue the people that it thought was primarily responsible for the wrongdoing. And so it focused on Mr. Switzer and the Koch executives that took this. But it doesn't matter that KPS was not a party to the state court. Because as this court is instructed in Sherwin-Williams, even if there is not exact identity between the parties, district courts are supposed to look at the similarity in determining whether it would be proper to have the state court resolve state issues. And so that's what we have here. Now, KPS seems to want a different standard to apply. It told the district court on page 164 of the record that in order for their abstention to lie, it needed to be precisely the same parties litigating precisely the same issues. And its briefing, it says that the state court will not resolve the matters in controversy. And I think I heard opposing counsel say that nothing will be decided. But Trejo says may. And if KPS's standard were the standard, then effectively there wouldn't be any stays under Brillhart. Because all a lawyer would have to do, if there was a pending state case, would be find another individual or entity that wasn't in the state case and have them bring a declaratory judgment action. Because then there would be some issue that perhaps wouldn't be litigated in the state case. Now, because that's not the law, KPS makes three arguments that just should not sway this court. Now, the first one we've talked about is that's not a party. And that can't be the law because Sherwin-Williams says look to the similarity if the parties aren't identical. Next, KPS argues that its actions are somehow different than Mr. Switzer. But corporations act through individuals. As Triton noted to the district court, KPS's court. I have a question. What are you at? What is Alliance, what are they actually doing with respect to these employees that are issued right now? Are they employed, gainful? What are they doing? Are they not functioning as they normally would for you? Or what's happening? Yes, Your Honor. So Mr. Switzer and the four other individuals all used to work for IAG. They had non-compete and non-solicitation agreements. They left and are now currently working for KPS. The five of them, in fact, as we told the district court, are the core team of KPS, led by Mr. Switzer as the president. So whatever actions KPS is taking, it's taking with the employees that are currently there now. In fact, KPS hasn't even suggested that the conduct it issued is related to any other employee. It's the same five employees and the same five agreements in both cases. I got that backwards. I'm sorry. And so whether the same conduct amounted to a tort is going to be an issue in both cases. Now, third, KPS claims for the first time on appeal that it shouldn't have to litigate through the avatar of Mr. Switzer. This brand new argument is waived and it's not relevant regardless. It waived this argument because KPS told the district court, incorrectly, that abstention required precisely the same parties, not that Mr. Switzer would not adequately represent it. And regardless, this issue is irrelevant because it's not a question of whether the resources each party has, whether the matters in controversy will be litigated. And the matters in controversy will be litigated, at least in part, because KPS and its president have the same interests and motivations. Triton told the district court in its opening motion and in its reply, pages 73 and 248 of the record, that Mr. Switzer, as president of KPS, would make the same arguments in state court to resolve the same issues because both want a finding of no liability. And just to highlight the similarity between these two actions, I think there's three spots this court can look at that are most useful. And the first is KPS's complaint. And the first paragraph of KPS's complaint, excuse me, I'm getting the quote, starts, this declaratory judgment action arises from defendants' public and erroneous allegations that KPS is unlawfully competing with defendants. These are the allegations that Triton made in state court and Mr. Switzer denied those allegations. Necessarily, then, these allegations, the same one KPS complains about, are going to be litigated. And the remainder of this paragraph goes on to note the same contractual provisions about the same five employees. In fact, KPS even attached four of the employment agreements to its complaint. Now, the second thing that I think this court can look to is what KPS told the district court in its Rule 26F submission. On page 342 of the record, KPS told Judge Lake that discovery is needed on plaintiff's declaratory judgment claims with respect to the lack of tortious interference by KPS, by Mr. Switzer, by Koch Engineered Solutions, by Koch Industries, by David Dotson. In other words, in the federal case, KPS told the district court that it was going to need all of these individuals, the same individuals that Triton has accused of wrongdoing. This shows the significant and overwhelming overlap between these two cases. Now, the third spot this court can look is KPS's own briefing to this court. On page 7 of its opening brief, KPS described the issues in this case as, quotes, the scope of the alleged non-compete obligations. And the scope of those non-compete obligations is central to Triton's action in the state court. Pages 102 and 103 of the record describe each of those non-competes in detail. And the scope of those obligations is something that's almost assuredly going to be litigated in the state court. And that's going to resolve what KPS itself has identified as the legal issues. So, with regards to the first factor, the district court correctly concluded that all matters in controversy may be litigated in the state court, and that following principles of federalism, it should let the state court resolve those state law issues. But this isn't the only reason that the district court chose to stay. There's two other broad considerations that also factor into that analysis. And the next one's efficiency. And efficiency means avoiding duplicative or piecemeal litigation. And both of those concerns would be present if the federal court case proceeded alongside the state court case. State courts can involve the same witnesses, the same documents, as KPS told the district court, the same discovery. And the state court may, in fact, resolve all those matters, which means that there's no need for the district court to involve itself in any of those issues. But if the federal action's not stayed, KPS has basically promised from the discovery it seeks that there'll be duplicative effort. And that's because, as we've talked about, this state court case is going to proceed regardless. The appeal's going to be resolved. The state court's going to resume. Mr. Switzer and Triton are going to litigate these issues regardless of whether the other entities and Mr. Dotson are part of the case. Having a federal court proceed in parallel guarantees substantial duplication, while staying in the federal case permits a more efficient resolution, one court instead of two resolving these matters. And as well, the state court, as I think we've discussed, involves additional claims and parties that are not present in the federal court. Thus, proceeding with the federal case is going to lead to piecemeal litigation. And that's another thing that Sherwin-Williams warns about when courts are considering whether efficiency favors abstention or not. And then the last broad consideration that the district court was addressed was fairness. And fairness also favors abstain. It looks to whether the plaintiff's using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds. And the fundamental unfairness here is that KPS is using the federal lawsuit in an attempt to deprive Triton of its chosen forum to have these issues litigated. Now, KPS admits that it filed this federal suit in an attempt to gain precedence over the state court. It told this court on page seven of its opening brief that it chose to file in federal court to, quote, more quickly resolve the legal issues. Wanting the federal court to adjudicate the same legal issues before the state court is an attempt to thwart Triton's choice of having these issues litigated in the state court. Now, this is separate apart from federalism. It's also unfair. Now, even if this court concludes that there is no unfairness in KPS's filing of this declaratory judgment action, both federalism and efficiency still counsel in favor of abstention. If some considerations support abstention and some do not, this court has concluded that's not an abuse of discretion. That was this court's holding in American Employers versus EGLE. There, the district court had concluded that fairness and efficiency supported abstention. This court concluded that fairness did not support abstention, but nevertheless held that the district court did not abuse its discretion. In sum, none of KPS's complaints are actual errors by the district court. Instead, they merely questioned the district court's evaluation and balancing of factors. But this, the district court applied the correct legal framework, which KPS agrees with, considered all the factors on the record, which KPS agrees with, and made a determination that federalism, efficiency, and fairness favored abstention. Judge Lake's decision was not an abuse of discretion, and so this court should affirm. Thank you. Rebuttal, Your Honor. Your Honor, my opposing counsel, I mean, when asked why was KPS not sued, he said, well, we went after those who are primarily responsible. In other words, they have claims against KPS. They have in their briefing what they've described as potential claims against KPS. KPS is not Paul Switzer. Whatever theories they have against KPS are not the same as they are against Paul Switzer. And what Trejo Factor 1 requires the court to determine is whether or not all matters may be fully litigated in the state court case. And all we've heard, and all we've heard, and all the district court heard was essentially statements of counsel as to what Switzer will or will not argue. What I think has been missed in all of this is what was actually in the record, the evidence that was actually in front of the court, which is that Mr. Switzer says he didn't know about these non-compete agreements. He says that in his affirmative defenses. And so if Mr. Switzer wins and prevails on the issue of intent, as this is an intentional tort, and if he prevails and said, I had no knowledge, therefore I had no intent, none of the issues in which KPS raises that it seeks a declaratory judgment action on will be decided. And that is why Trejo Factor 1 fails. There was no evidence in the record for the judge's finding that all matters would be fully litigated in the federal court. And on this issue of waiver, that KPS somehow didn't, or that it somehow waived its argument about Switzer being an avatar, it was not in Triton's briefing. There was no evidence about it. It was something that the district court stated in its order. And the fact that the district court came up with a reason to say this that was not presented to the district court counsels again in the fact that the court erred and abused its discretion under Trejo Factor 1. And on the issue of, like, on abuse of discretion, although the judge addressed Trejo factors, he did not independently analyze them as it relates to the other factors. For example, on the basis of forum shopping, the district court concluded, well, it's the full matters and issue, and it was filed in response. Therefore, there's forum shopping. That's not the standard for forum shopping. And Sherwin-Williams tells the court the issues that relate to forum shopping are things like changing the choice of law or depriving a state court litigant of their opportunity to, I guess, to file in state court. The correct standard was not applied. And more interestingly, as it relates to Factor 4, inequitably gaining precedence, this was a fact that Triton even conceded in its brief. And it said that there would be no inequities that come forward with KPS gaining precedence. That was in footnote 5 of their brief, page 75 of the record. But the court found that this factor counseled in favor of abstention because KPS would gain precedence. But that's also not the standard. The standard is what inequities would rise. And on that, the district court did not apply the correct standard. And on this issue of efficiency, there cannot be efficiencies that's gained by having a forum in which KPS is not a part of and conducting discovery there and then transferring everything over to the federal court and then again conducting discovery. The efficiencies are gained by having a forum in which KPS has a seat at the table to be able to conduct discovery. Your Honor, IAG Triton, they cannot essentially block KPS's action, take a knee in the state court, run out the clock, and sideline KPS's claims. The court abuses distraction as there was no evidence to support the Trejo one and did not properly apply the standard of Trejo. Thank you. Thank you. We have your arguments in place for your submission.